# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SCOTT MACARTHUR, | ) |
| Plaintiff, | ) |
| v. | ) No.: 1:17-CV-141-HSM-CHS |
| JOEL HART, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On April 15, 2019, the Clerk resent Court mail to Plaintiff that the United States Postal Service ("USPS") had returned as undeliverable to the only residential address listed in Plaintiff's complaint, as the Clerk's search for Plaintiff in the Tennessee Department of Correction's ("TDOC") felony offender information database listed Plaintiff as released on parole [Doc. 36; Doc. 1 p. 3]. On June 13, 2019, however, the USPS placed a dated sticker on this mail to Plaintiff's residential address and noted on the envelope that Plaintiff does not live at that residential address [Doc. 38 p. 1]. Further, while the Court notes that the TDOC's felony offender information database now lists Plaintiff as incarcerated at the Bledsoe County Correctional Complex, Plaintiff has not filed anything, including but not limited to a notice of change of address, with the Court in more than seven months. Accordingly, for the reasons set forth below, this action will be **DISMISSED** for want of prosecution and failure to comply with Court orders.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to timely update his address with the Court is due to Plaintiff's willfulness and/or fault, as both the Clerk and the Court warned Plaintiff that he is required to update his address with the Court within fourteen days and that failure to do so may result in dismissal of this case [Doc. 15 p. 16; Doc. 17 p. 1]. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, both the Clerk and the Court warned Plaintiff that the Court may dismiss this case if he failed to update his address in a timely manner [Doc. 15 p. 16; Doc. 17 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner when he filed this case and Plaintiff is not communicating with the Court or pursuing this case.

For the reasons set forth above, Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED**.

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE